UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DENNIS SCOTT, )
 )
   Plaintiff, )
 )
v. ) 15-CV-4121
 )
BRENDA WILKS, )
 )
   Defendant. )
 )

OPINION

JAMES E SHADID, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. §

1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Brenda Wilks, a security guard at Rushville, violated Plaintiff's constitutional right to access the court by denying him use of the law library on August 21, 2015, after he had finished his dialysis. He also alleges that Officer Wilks did this to retaliate against Plaintiff for his pending lawsuits about alleged interference with his dialysis. Plaintiff has about 20 cases now pending about that issue, presided over by Judge Baker. *See lead case* Scott v. Goddard, 14-CV-3309 (C.D. Ill.). Officer Wilks allegedly told Plaintiff that he "whines like a little bitch" and that he would be on permanent lock down if the decision were up to her.

These allegations state no constitutional claim for the denial of access to the courts because Plaintiff does not identify any legal claim that he was hindered from pursuing.  <u>Ortloff v. United States</u>, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves.")(*abrogated on other grounds as recognized in* <u>Parrott v. U.S.</u>, 536 F.3d 629, 635 (7th Cir. 2008)).

Nor does Plaintiff state a constitutional retaliation claim. Plaintiff's allegation that Officer Wilks' action was Plaintiff's lawsuits is too conclusory.  More importantly, though, a one-time denial of access to the library is not a deprivation of constitutional magnitude.  A retaliation claim requires a deprivation serious enough to "deter a person of ordinary firmness" from engaging in protected First Amendment activity.  *Surita v. Hyde,* 665 F.3d 860, 878 (7th Cir. 2011).  A person of ordinary firmness would not be deterred by the denial of access to the library, and Plaintiff, whatever his firmness, certainly has not been deterred from

exercising his First Amendment rights. He has filed 28 cases in the Central District since 2013. Similarly, Officer Wilks' alleged unprofessional remarks do not give rise to the violation of a constitutional right. <u>Hughes v. Joliet Correctional Center</u>, 931 F.2d 425, 429 (7th Cir. 1991)("crass and unprofessional behavior" alone does not violate Constitution).

**IT IS ORDERED:**

    1. Plaintiff's petition to proceed in forma pauperis is denied [3] because Plaintiff fails to state a federal claim.

    2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

    **3) The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58.**

    **4) This case is closed. All pending motions are denied as moot [4].**

ENTERED: 12/3/15

FOR THE COURT:

**s/James E. Shadid**
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
